ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 24 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff | § § | CIVIL ACTION C-00-121 |
| versus | § § | (Claim: 85832/85834) |
| HAROLD L. LOVEDAY | § § | |
| Defendant | § § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2. *Venue.* The defendant is a resident of San Patricio County, Texas, and may be served with process at Route 1 Box 216, Sinton, Texas 78387.

3. *The Debt.* The debt owed the United States is:

   (A) <u>Claim 85832</u>

   | | | | |
   |---|---|---|---|
   | A. | Current principal | $ | 2,462.54 |
   | B. | Current interest (capitalized and accrued) | $ | 63.10 |
   | C. | Administrative fees, costs, penalties | $ | 0.00 |
   | D. | Attorney's fees | $ | 550.00 |
   | E. | Balance due | $ | <u>3,075.64</u> |

   F. Prejudgment interest accrues at

   8.00% per annum being $ 0.54 per day.

(B) <u>Claim 85834</u>

| | | | |
|---|---|---|---|
| A. | Current principal | $ | 3,173.34 |
| B. | Current interest (capitalized and accrued) | $ | 136.31 |
| C. | Administrative fees, costs, penalties | $ | 0.00 |
| D. | Attorney's fees | $ | 550.00 |
| E. | Balance due | $ | <u>3,859.65</u> |

F. Prejudgment interest accrues at

8.53% per annum being $ 0.74 per day.

TOTAL OWED (Claim 85832 + Claim 85834):   $<u>          6,035.29</u>

The current principal in paragraph 3(1)A and 3(1)B is after credits of $ 7,328.74.

The certificates of indebtedness, attached as Exhibit A and B, show the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

4. *Failure to pay*. Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it.

5. *Prayer*. The United States prays for judgment for:

A. The sums in paragraph 3 plus pre-judgment interest through the date of judgment, administrative costs, and post-judgment interest.

B.    Attorney's fees; and,

C.    Other relief the court deems proper.

                                    Respectfully submitted,

                                    ALONSO & CERSONSKY, P.C.

By: _____
M. H. Cersonsky
Attorney in Charge
State Bar: 04048500
Southern District: 5082
5065 Westheimer, Suite 600
Houston, Texas 77056
Telephone: (713) 840-1492
Fax: (713) 840-0038

Attorneys for Plaintiff

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

HAROLD L. LOVEDAY
AKA: HAROLD LOVEDAY JR
505 SIGNAL
BROOKSHIRE, TX 77423-9693

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 9/19/98.

On or about 6/23/87 the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Texas Commerce Bank-Amarillo, Amarillo, TX at 8.00 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 5/1/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,835.58 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/2/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $2,135.56 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,462.54 |
| Interest: | $ 63.10 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees | $ 0.00 |
| Total debt as of 9/19/98 | $ 2,525.64 |

Interest accrues on the principal shown here at the rate of $0.54 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/29/98    Name: _____
                        Title   Loan Analyst
                        Branch  Litigation Branch

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

HAROLD L. LOVEDAY
AKA: HAROLD LEO LOVEDAY JR
505 SIGNAL
BROOKSHIRE, TX 77423-9693

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 9/19/98.

On or about 7/18/87 the borrower executed promissory note(s) to secure loan(s) of $2,880.00 from Southside State Bank, Tyler, TX at 8.53 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 9/21/87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,173.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/2/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $2,775.86 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 3,173.34 |
| Interest: | $ 136.31 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees | $ 0.00 |
| Total debt as of 9/19/98 | $ 3,309.65 |

Interest accrues on the principal shown here at the rate of $0.74 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/29/98     Name: _____
                          Title   Loan Analyst
                          Branch  Litigation Branch